UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MODALMED INC., <br><br> WINDGO INC., and <br><br> NEWTONOID TECHNOLOGIES, L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> John Doe, <br><br> Defendant. | Case No. 25-cv-11433 <br><br> Judge: <br><br><br><br> JURY TRIAL DEMANDED |

**VERIFIED COMPLAINT**

COMES NOW Plaintiffs Modalmed Inc. ("Modalmed"), Windgo Inc. ("Windgo"), and Newtonoid Technologies, L.L.C. ("Newtonoid") (collectively, "Plaintiffs"), by and through undersigned counsel, to submit the following for their Complaint against Defendant John Doe (identified in Exhibit 1 hereto) and allege as follows.

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367.

2. This Court may properly exercise personal jurisdiction over the Defendant and venue is proper in this Court pursuant to at least a prior settlement agreement ("the Settlement Agreement") wherein the parties consented to venue and jurisdiction in this District. *See* Exhibit 2 hereto at ¶ 16. Moreover, venue is proper pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant at least because Defendant has availed itself

1

of the privileges of doing business within this District by operating fully interactive e-commerce stores that directly target business activities towards consumers in the United States, including Illinois. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers, offer shipping into the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, have sold products featuring Plaintiffs' patented design to residents of Illinois. Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiffs substantial injury in the State of Illinois.

## INTRODUCTION

3. This action has been filed by Plaintiffs in response to Defendant's past and ongoing trade upon Plaintiffs' patented products by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the same unauthorized and unlicensed product, namely the headwear (eye massager) products ("the Infringing Products"), that infringe Plaintiffs' United States Patents No. 10,684,483 ("the '483 Patent") and 11,372,252 ("the '252 Patent") (collectively, "Plaintiffs' Patents"). Plaintiffs have filed this action to combat Defendant's infringement of their patent rights, as well as to protect unknowing consumers from purchasing Infringing Products over the Internet. Plaintiffs have been and continue to be irreparably damaged from the loss of their lawful patent rights to exclude others from making, using, selling, offering for sale, and importing their patented design as a result of Defendant's actions and thus seek injunctive and monetary relief.

4. Plaintiffs further seek compensation from Defendant for breach of the parties' aforementioned Settlement Agreement. The parties entered into this Settlement Agreement as part of a stipulated dismissal without prejudice of a previous patent infringement claim brought against

Defendant by Plaintiffs (the "Prior Litigation"). Defendant's failure to comply with the provisions of the Settlement Agreement has harmed Plaintiffs, who now seek injunctive and monetary relief.

## FACTUAL BACKGROUND

### *The Parties*

5. Plaintiff Modalmed is a Missouri corporation with its principal place of business at 130 South Missouri Street, Liberty, Missouri 64068.

6. Plaintiff Windgo is a Missouri corporation with its principal place of business at 130 South Missouri Street, Liberty, Missouri 64068.

7. Plaintiff Newtonoid is a Missouri L.L.C. with its principal place of business at 1113 Aspen Drive, Liberty, Missouri 64068.

8. Windgo was formed to develop and commercialize technology owned by Newtonoid.

9. Windgo has invested significant resources in developing and patenting innovative products. Before Covid-19, Windgo employed almost twenty engineers and engineering interns focused on developing the technology owned by Newtonoid, and Windgo spent over $5.4 million in developing and patenting Newtonoid's technology.

10. The majority owner of Newtonoid is also the majority owner of Windgo.

11. Windgo has exclusive licenses from Newtonoid to enforce and sublicense the '483 and '252 Patents.

12. Windgo is the majority owner of Modalmed.

13. Modalmed was formed to further develop and commercialize certain technologies licensed by Windgo.

14. Modalmed has an exclusive sublicense to both the '483 and '252 Patents from Windgo, including the right to enforce and collect all damages for past and future infringement.

15. Modalmed has been engaged in the business of designing, sourcing, and marketing headwear products including head massaging products sold under the trademark Remewrap® ("Modalmed Products"). Modalmed Products can be purchased from Modalmed's website, https://remewrap.com. Since at least as early as July 2022, Modalmed, on its own and/or via retailers, resellers, and/or importers, has marketed, advertised, promoted, imported, and/or sold Modalmed Products to consumers in the United States.

16. Modalmed's head massaging products are loved by customers at least because of the unique patented design set forth in Claim 18 of the '483 Patent and Claims 1 and 14 of the '252 Patent.

17. At all times relevant, Plaintiffs complied with the federal patent marking statute, 35 U.S.C. § 287(a).

18. Defendant John Doe is a Chinese limited liability company who owns and/or operates an e-commerce store selling products that trade upon Plaintiffs' intellectual property.

### The Patents-in-Suit

19. U.S. Patent No. 10,684,483 titled ITEM OF HEADWEAR ("the '483 Patent") was duly issued on June 16, 2020. A true and correct copy of the '483 Patent is attached hereto as Exhibit 3.

20. The '483 Patent is valid and enforceable.

21. As recorded with the U.S. Patent and Trademark Office at reel/frame 047185/0496, the '483 Patent was assigned to Newtonoid on October 2, 2018. Newtonoid owns all right and title to the '483 Patent, subject to the licenses to Windgo and Modalmed.

22. U.S. Patent No. 11,372,252, also entitled ITEM OF HEADWEAR ("the '252 Patent") was duly issued on June 28, 2022. A true and correct copy of the '252 Patent is attached hereto as Exhibit 4.

23. The '252 Patent is valid and enforceable.

24. As recorded with the U.S. Patent and Trademark Office at reel/frame 053809/0796, the '252 Patent was assigned to Newtonoid on October 2, 2018. Newtonoid owns all right and title to the '252 Patent, subject to the licenses to Windgo and Modalmed.

### *Defendant's Unlawful Activities*

25. Defendant manufactures, offers for sale, sells, and/or imports for subsequent sale or use products that infringe the claims of the '483 and '252 Patents.

26. Specifically, and as shown in detail in the claim charts attached hereto as Exhibit 5, Defendant sells products that comprise each and every element of at least Claims 1 and 13 of the '252 Patent and Claim 18 of the '483 Patent. Such infringing products are further identified on Exhibit 1 hereto.

27. Defendant was put on notice that its products infringed the '252 and '483 Patents at least as early as December 10, 2024, when it was served with a summons and complaint in the Prior Litigation. Service by email was permitted by the Court in the Prior Litigation and was effectuated using a contact email provided by Amazon.

28. Defendant has targeted sales of its Infringing Products to Illinois residents by setting up and operating an e-commerce store that targets customers within the United States, offers shipping of the Infringing Products to the United States, including Illinois, accepts payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, has sold

Infringing Products to residents within this District. Exhibit 6, attached hereto, is a true and accurate screenshot of Defendant's offer to sell the Infringing Products into this District.

29. On information and belief, Defendant maintains off-shore bank accounts and regularly moves funds from its PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court.

*The Prior Litigation and Settlement*

30. On November 15, 2024, Plaintiffs brought suit against a number of entities and associations infringing upon the '252 and '483 Patents in *Modalmed Inc. et al. v. The Partnerships et al.*, Case No. 1:24-cv-11780 (N.D. Ill. Filed Nov. 15, 2024).

31. Defendant was among the entities listed on Schedule A to Plaintiffs' Complaint based on its sales of infringing products (the "Infringing Products"). The Infringing Products are the same as the products at issue in this case.

32. Following settlement discussions, Plaintiffs and Defendant entered into the Settlement Agreement. *See* Exhibit 2 at p. 4.

33. As consideration, Plaintiffs agreed to dismiss their claim against Defendant and covenanted not to sue Defendant, its predecessors, successors, affiliates, officers, directors, stockholders, employees, agents, representatives, and assigns in relation to infringement of Plaintiffs' asserted patents so long as Defendant adhered to all terms of the Settlement Agreement. *See id.* at ¶¶ 5-7.

34. In return, Defendant pledged: (a) to pay Plaintiffs an initial sum for past damages; (b) to pay Plaintiffs a per-unit royalty ("License Fee") for sales of the Infringing Products going forward, to be paid at regular intervals defined in the Settlement Agreement (i.e., by April 15 for sales made January 1 through March 31, by July 15 for sales made April 1 through June 30, by

6

October 15 for sales made July 1 through September 30, and January 15 for sales made October 1 through December 31); (c) to provide raw sales data for sales occurring during these intervals; and (d) not to contest, or assist any other party to contest, the validity of the '252 Patent or the '483 Patent. *See id.* at ¶¶ 1-4.

35. After execution of the Settlement Agreement and receipt of the initial sum set out therein, Plaintiffs dismissed their infringement claim against Defendant without prejudice, pursuant to ¶ 5 of the Settlement Agreement.

### *Defendant's Breach and Ongoing Infringement*

36. As discussed above, Defendant was permitted by Plaintiffs to continue selling the Infringing Products so long as Defendant adhered to the terms of the Settlement Agreement, including payment of the License Fee and provision of raw sales data for the Infringing Products.

37. Despite Plaintiffs' attempts, Defendant has refused to pay the License Fee due April 15, 2025 and July 15, 2025 under the Settlement Agreement.

38. Even though Defendant has refused to pay the License Fee due under the Settlement Agreement, Defendant has continued to sell the Infringing Products.

39. At the time of this filing, Defendant has failed to fulfil its obligations under the Settlement Agreement by continuing to sell the Infringing Products while refusing to pay the License Fee and by refusing to provide raw sales data for sales of the Infringing Products, thereby breaching ¶¶ 3-4 of the Settlement Agreement.

40. Because Defendant is selling the Infringing Products without paying the License Fee, those Infringing Products are unlicensed and infringe the '252 Patent and the '483 Patent.

7

## COUNT I: INFRINGEMENT OF THE '252 PATENT
### 35 U.S.C. § 271 et seq.

41. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

42. Defendant, after breaching the Settlement Agreement and without authorization or license from Plaintiffs, has and continues to knowingly and willfully manufacture, offer for sale, sell, and/or import for subsequent sale or use products that infringe directly and/or indirectly on the '252 Patent.

43. Specifically, Defendant has infringed and continues to infringe at least Claims 1 and 14 of the '252 Patent by making, using, importing, selling, and/or offering to sell its infringing products in the United States without authorization or license from Plaintiffs.

44. Defendant has profited by its infringement of the '252 Patent, and Plaintiffs have suffered actual harm as a result of Defendant's infringement.

45. Defendant has infringed the '252 Patent and will continue to do so unless enjoined by this Court. Defendant's pattern of wrongful conduct has caused Plaintiffs to suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiffs are entitled to injunctive relief pursuant to 35 U.S.C. § 283.

46. Plaintiffs are entitled to recover damages adequate to compensate for the infringement, and in no event less than a reasonable royalty for Defendant's use of the invention, pursuant to 35 U.S.C. § 284.

47. The substantive strength of Plaintiffs' claims, along with Defendant's pattern of malfeasance surrounding its continued infringement of the '252 Patent, entitles Plaintiffs to a

declaration that this case is exceptional and an award of their reasonable attorney's fees pursuant to 35 U.S.C. § 285.

## COUNT II: INFRINGEMENT OF THE '483 PATENT
### *35 U.S.C. § 271 et seq.*

48. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

49. Defendant, after breaching the Settlement Agreement and without authorization or license from Plaintiffs, has and continues to knowingly and willfully manufacture, offer for sale, sell, and/or import for subsequent sale or use products that infringe directly and/or indirectly on the '483 Patent.

50. Specifically, Defendant has infringed and continues to infringe at least Claim 18 of the '483 Patent by making, using, importing, selling, and/or offering to sell its infringing products in the United States without authorization or license from Plaintiffs.

51. Defendant has profited by its infringement of the '483 Patent, and Plaintiffs have suffered actual harm as a result of Defendant's infringement.

52. Defendant has infringed the '483 Patent and will continue to do so unless enjoined by this Court. Defendant's pattern of wrongful conduct has caused Plaintiffs to suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiffs are entitled to injunctive relief pursuant to 35 U.S.C. § 283.

53. Plaintiffs are entitled to recover damages adequate to compensate for the infringement, and in no event less than a reasonable royalty for Defendant's use of the invention, pursuant to 35 U.S.C. § 284.

54. The substantive strength of Plaintiffs' claims, along with Defendant's pattern of malfeasance surrounding its continued infringement of the '483 Patent, entitles Plaintiffs to a declaration that this case is exceptional and an award of their reasonable attorney's fees pursuant to 35 U.S.C. § 285.

## COUNT III: BREACH OF CONTRACT

55. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

56. The Settlement Agreement is a valid and enforceable contract between Plaintiffs and Defendant.

57. Sufficient consideration existed to support the Settlement Agreement, as Plaintiffs agreed to dismiss their previous infringement suit against Defendant in exchange for Defendant's promises set forth in the Settlement Agreement.

58. Plaintiffs performed their obligations under the Settlement Agreement.

59. Defendant has materially breached the Settlement Agreement by continuing to sell the Infringing Products without compensating Plaintiffs as required by the Settlement Agreement.

60. Defendant has not paid the License Fee to Plaintiffs due April 15, 2025 and July 15, 2025 as required by ¶ 3 of the Settlement Agreement.

61. Defendant's failure to pay the License Fee due April 15, 2025 and July 15, 2025 is a material breach of the Settlement Agreement.

62. Plaintiffs have been damaged as a direct result of Defendant's breach.

63. Plaintiffs are entitled to damages stemming from Defendant's breach.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Newtonoid, Modalmed, and Windgo respectfully pray that this Court enter judgment in their favor against Defendant, and award the following relief:

A. That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from: (1) making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the infringing product; (2) aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the infringing product; and (3) effecting assignment or transfer, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in (1) and (2);

B. Entry of an order that, upon Plaintiffs' request, those with notice of the injunction, including, without limitation, any online marketplace platforms, including but not limited to Amazon, eBay, AliExpress, Alibaba, Temu, Walmart, Target, and other websites (collectively, the "Third Party Providers"), shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of the infringing product;

C. That Plaintiffs be awarded such damages as they shall prove at trial against Defendant that are adequate to compensate Plaintiffs for Defendant's infringement of the '483 Patent, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs, pursuant to 35 U.S.C. § 284;

D. That the amount of damages awarded to Plaintiffs to compensate Plaintiffs for infringement of the '483 Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

E. That Plaintiffs be awarded such damages as they shall prove at trial against Defendant that are adequate to compensate Plaintiffs for Defendant's infringement of the '252 Patent, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs, pursuant to 35 U.S.C. § 284;

F. That the amount of damages awarded to Plaintiffs to compensate Plaintiffs for infringement of the '252 Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

G. That this case be declared exceptional and that Plaintiffs be awarded their reasonable attorney's fees and costs pursuant to 35 U.S.C. § 285;

H. That Plaintiffs be awarded all damages sustained as a result of Defendant's breach of the Settlement Agreement;

I. An award to Plaintiffs of pre- and post-judgment interest on damages resulting from Defendant's breach of the Settlement Agreement as permitted by law;

J. An award of any and all other relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demands a trial by jury on all issues so triable.

Dated: September 22, 2025                              Respectfully Submitted,

/s/ _____
Allen Justin Poplin, NDIL #21598
AVEK IP, LLC
7285 W. 132nd Street, Suite 340
Overland Park, KS 66213
Phone: 913-303-3841
jpoplin@avekip.com
*Attorney for Plaintiffs*

13

## VERIFICATION

I, Fielding Staton, hereby declare and state that:

1. I am the President of Modalmed Inc. ("Modalmed"). As such, I am authorized to make this verification on behalf of Modalmed.

2. I have read the forgoing verified complaint, and based on my personal knowledge, the factual allegations contained in the forgoing verified complaint are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 21, 2025

_____
Fielding Staton